UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 95-14027-Civ-Paine

UNITED STATES OF AMERICA,

v.

RICHARD GUERRERO,

    Defendant.
_____

95-8082 CR-PAINE

MAGISTRATE JUDGE VITUNAC

FILED by ___ D.C.
JUL 10 1995

## JUDGMENT OF GUILTY

This matter arises from a case styled <u>United States of America v. Pablo Gonzalez, Jr.</u>, case no. 94-5198-AEV, which pended before Magistrate Judge Ann E. Vitunac in the Southern District of Florida. On December 8, 1994, as a part of a bond hearing before Judge Vitunac the sworn testimony of Richard Guerrero, defendant in the instant case, was heard. This bond hearing was held in conjunction with removal proceedings for three defendants who had been indicted in a federal district court in the State of Texas. These defendants offered the testimony of the said Richard Guerrero because he held title to certain real property located in Martin County in the State of Florida which was tendered as security for the appearance bonds of the three defendants indicted in Texas. Richard Guerrero was sworn at the beginning of the bond hearing. Richard Rosenbaum, Esq., attorney for Pablo Gonzalez, Jr., and Assistant U.S. Attorney Nancy Vorpe-Quinlan counsel for the government, in order to evaluate the strength of the security for these appearance

bonds, questioned Guerrero with respect to his prior record of criminal activity. Having heard negative responses to some of these questions, the government investigators, thereafter, determined that some of these answers were false. This determination resulted in the government's Motion For Order to Show Cause directed to the witness, Richard Guerrero. Such an order was issued by this court on May 9, 1995 and a hearing pursuant to that order was scheduled. Richard Rosenbaum, Esq. was appointed to represent Mr. Guerrero at the District Court hearing. The number 95-14027-Civ-Paine was assigned to the government's accusation of contempt which is expressed in the government's Motion for Order to Show Cause and by the exhibits attached to that motion. The number assigned to the contempt proceeding, however, is incorrect. This is a criminal contempt matter. Proceedings have moved forward pursuant to Fed.R.Crim.P. 42(b). The clerk is, therefore, directed to assign a criminal case number to this contempt matter commencing with the motion for Order to Show Cause. The court hereby characterizes this accusation as a petty contempt charge in which a jury trial is not required and in which the sentence, upon a judgment of guilty, may not exceed six months in prison and/or a fine of $500.

The defendant, Richard Guerrero, is 54 years of age having been born on July 28, 1940 in Refuigo, Texas. He admits to an eighth grade education. He stated that he reads and writes, "a

little bit". The defendant stated that he is not employed, that he lives on food stamps obtained by his wife (who is employed) and government SSI payments which are due his disabled 30 year old daughter. These are said to be his only sources of income. He states that he owns two parcels of property at Indiantown, Florida, on one of which he lives with his wife and his disabled daughter. The value of these properties was estimated to be about $25,000. According to defendant, he is a diabetic who takes a total of 60 units of insulin daily. He mentioned that he "got shot in the head". If these descriptions of his health are accurate, he is, perhaps, partially disabled.

In response to the Order to Show Cause the defendant, Richard Guerrero, took the stand in his own behalf. When confronted with his recorded criminal activity as shown in the exhibits to the government's motion for an order to show cause, he finally, although painfully, admitted all of the arrests. He excuses his negative responses at the bond hearing by saying that the questions put to him, he thought, were qualified by the use of the term "recently". He excuses himself, further, by stating that he thought that the questions, although they asked about "arrests" were actually inquiries with respect to "convictions". These explanations for his false testimony were not convincing.

The government responded to the defendant's evidence by the testimony of U.S. Customs Agent Robert C. Hutchinson. This witness stated that he had no opportunity to investigate the

3

criminal record of Richard Guerrero prior to the bond hearing. Thereafter, he compiled the information which constitutes the exhibits to the government's motion for an Order to Show Cause. Customs Agent Hutchinson testified that had he had the opportunity, prior to or during the bond hearing, he would have asked the United States Attorney to take the position that the offer of security for appearance bonds for the three Texas defendants should be rejected. The government offered, without objections, exhibits 1, 2 and 3 which were documents detailing the arrest and conviction history of Guerrero which had been gathered by Hutchinson. Government's exhibit 4, the transcript of Guerrero's testimony in Case No. 94-5198-AEV was also offered and received without objection. As rebuttal, counsel for the defendant offered, without objection, defendant's exhibits numbered 1, 2, 3 and 4, consisting of documents which, arguably, impeach the testimony of Hutchinson that he had no opportunity to determine the criminal record of Guerrero prior to the bond hearing.

The standard by which the charge of criminal contempt must be measured is reasonable doubt.

Having considered the foregoing, the court finds that the defendant did not answer accurately and truthfully the inquiries regarding his prior criminal record when questioned on these matters during the course of the bond hearing on December 8, 1994. The record shows that he was properly sworn and that this

false testimony was given in the presence of Magistrate Judge Ann E. Vitunac on December 8, 1994.

Even in the light of the defendant's physical defects, and his possible confusion regarding the purpose of the questions put to him about his prior criminal record, I must conclude beyond a reasonable doubt that the defendant was willful in making the false answers.

Although the position of the government may not have been prejudiced by the defendant's false answers, the issue here is not whether there was prejudice to one of the litigants. It is, rather, whether there was willful contempt of the judicial process.

While the defendant's guilt is plain and unmistakable, neither incarceration nor fine are suitable penalties when all the circumstances are considered.

It is, therefore,

ORDERED and ADJUDGED that the defendant is hereby found to be guilty of criminal contempt. It is further

ORDERED and ADJUDGED that the defendant is hereby strongly reprimanded for this violation. Further, defendant is placed on probation for a period of six months commencing on the date of this order. The defendant's period of probation is to be governed by the standard conditions of probation, the violation of which may result in a term of imprisonment. He is directed to immediately report to the office of this court's probation

department located at 505 South Second Street, Suite 320, Fort Pierce, FL 34950-1505, telephone number (407) 465-9280. It is further

ORDERED and ADJUDGED that the clerk assign a criminal case number to this petty contempt case and that Richard Rosenbaum, Esq. who was appointed to represent the defendant Guerrero in this matter shall be compensated for his services pursuant to the Criminal Justice Act.

DONE and ORDERED at West Palm Beach, Florida, this 10th day of July, 1995.

_____
United States District Judge

c: Richard Rosenbaum, Esq.
   Nancy Vorpe Quinlan, AUSA
   Hon. Ann E. Vitunac
   Probation